IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

JOANNE BRENNAN,

    Plaintiff,

v.                                  Civil Action No. 1:04-0879

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION

On September 29, 2005, this court entered a Judgment Order in this matter that adopted the Magistrate Judge's Proposed Findings and Recommendations, denied plaintiff's motion for summary judgment, granted defendant's motion for judgment on the pleadings, affirmed the final decision of the commissioner, and dismissed this matter from the court's docket.

By Standing Order entered on July 21, 2004, and filed in this case on August 16, 2004, this matter was referred to United States Magistrate Judge R. Clarke VanDervort. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter. On August 30, 2005, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation. Plaintiff filed her objections on September 20, 2005. The court must now conduct a de novo review of the case.

## A.  Factual and Procedural Background

Plaintiff was born on June 4, 1951, and was fifty-two years old at the time of the ALJ's hearing.  (Administrative Record, hereinafter "R.", at 68, 496.)  Plaintiff has a high school education and completed vocational training in accounting and bookkeeping.  (R. 84, 406.)  Plaintiff has previous work experience as a family support specialist and income maintenance eligibility worker for the West Virginia Department of Health and Human Services.  (R. 79.)

Plaintiff filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.  Plaintiff alleged disability as of May 24, 2002, due to back, neck, and knee pain; anxiety; depression; uncontrolled hypertension; degenerative disc disease; hemangiopericytoma; and granuloma annulare.  (R. 40, 49, 67-70.)  Plaintiff's complaint was denied through several stages of preliminary review before plaintiff requested a hearing before an ALJ.  (R. 40-51.)  After the Appeals Council denied plaintiff's request for review of the ALJ's denial of benefits, this case became ripe for review under 42 U.S.C. § 405(g).

## B.  Standard of Review

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Social Security Act.  If such substantial evidence exists, the

final decision of the Commissioner must be affirmed.  <u>Hays v.
Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).  Stated briefly,
substantial evidence has been defined as such relevant evidence,
considering the record as a whole, as might be found adequate to
support a conclusion by a reasonable mind.  <u>Richardson v.
Perales</u>, 402 U.S. 389 (1971).

### C.  Analysis

Plaintiff objected to the magistrate judge's findings and
recommendations on a number of grounds.  Specifically, plaintiff
avers that the magistrate judge erred when he:

(1)  found that the administrative law judge ("ALJ") gave
full and fair consideration to the entirety of the
evidence in the record (<u>see</u> Pl.'s Obj. at 1);

(2)  found that the ALJ acted properly in considering
various evidence, particularly that provided by
plaintiff's treating psychologist, William Brezinski
(<u>see</u> <u>id.</u>);

(3)  determined plaintiff's residual functional capacity
("RFC") (<u>see</u> <u>id.</u> at 2);

(4)  submitted a hypothetical including the limitations he
did to the vocational expert ("VE") at the hearing (<u>see</u>
<u>id.</u>).

The court examines these objections in turn.

### (1)  The Magistrate Judge's Finding that the ALJ Gave Full and Fair Consideration to the Entirety of the Record Was Correct

Plaintiff's first objection is that the magistrate judge
erred when he found that the ALJ acted properly in his

consideration of evidence contained in the whole of the record. (See Pl.'s Obj. at 1.)  Much of the support for the notion that plaintiff is disabled comes from her subjective complaints which, under the regulations, the ALJ was not required to find credible. Instead, under Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996), the ALJ was required to determine, through the examination of the objective medical record, whether the claimant has proven an underlying impairment which could reasonably be expected to produce the symptoms alleged.  In considering the whole of the record, the ALJ is "not required to discuss all the evidence submitted," see Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000), but instead only to prove that she reviewed all of the evidence and that her decision is reasonable in light of all of the evidence contained in the administrative record.

    Here, the ALJ noted that she considered all of the evidence in the record.  (See R. 18.)  It is clear that plaintiff's physician has not placed any restrictions upon her since the time she filed for disability.  (See R. 104.)  Plaintiff has neither required inpatient hospitalization nor emergency room treatment. (See 81-82, 105-112.)  As of the date she filed for disability, plaintiff noted that she had not been seen by a physician, hospital, clinic, or anyone else for her claimed emotional or mental problems which limited her ability to work.  (See R. 80, 221.)

-4-

In the memorandum in support of plaintiff's motion,
plaintiff disputes the tone of the ALJ's decision.  Whereas the
ALJ stated that plaintiff was able to "do laundry, vacuum, dust
furniture, pay bills, wash dishes, and manage the bank account
with the help of her husband," the plaintiff states that although
she did these things, she was just "muddling through."  (See R.
96.)  Plaintiff noted that her current approach to life differed
from her approach prior to the onset of her illnesses.  (R. 97.)
Further, plaintiff notes that her condition has deteriorated
further and that her daughter now performs many of these
functions for her.  (R. 498-99.)   Plaintiff further notes that
the ALJ did not discuss that plaintiff had discussed the history
of her current medical problems with her doctors and objective
medical evidence that plaintiff avers would be helpful to
plaintiff's claim of disability.

Nevertheless, upon review of the record in its entirety, the
court finds that the ALJ acted appropriately in considering
plaintiff's complaints and the objective findings that plaintiff
avers favor her.  Having reviewed the whole of the record, the
ALJ found plaintiff's subjective complaints partially credible.
(R. 23.)  The ALJ's role in this process requires her to make
credibility determinations, see Hatcher v. Secretary, HHS, 898
F.2d 21, 23 (4th Cir. 1989), and to infer that some of the
evidence contained in the record is closer to the objective truth

-5-

than other pieces of evidence.  The ALJ is not required to accept all subjective testimony at face value.  See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The ALJ was entitled to consider the lack of ongoing, significant problems illustrated through treatment notes related to plaintiff's medical condition.  Plaintiff's recitation of her history cannot meet her burden under the regulations.  Inasmuch as the individual parts of the medical record favoring plaintiff's case were part of the administrative record, so too were the parts where plaintiff appears to be able to function. The ALJ's determinations of credibility are to be given great weight.  See Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).  The court finds no merit in plaintiff's suggestion that the ALJ selectively chose only the parts of the record favorable to her end position that plaintiff was not disabled.  As such, plaintiff's first objection is hereby OVERRULED.

(2)  **The Magistrate Judge's Finding that the ALJ Accorded Proper Weight to the Medical Testimony Was Appropriate.**

Plaintiff's second argument is that the magistrate judge erred when he approved the ALJ's handling of evidence provided by the licensed psychologist William Brezinski.  (See Pl.'s Obj. at 1.)  Plaintiff contends that although the ALJ discusses that plaintiff had discussed her daily activities with Brezinski, she does not acknowledge that plaintiff also discussed her current problems with him.  (See R. 345-49.)

-6-

In his conclusion, Brezinski opines that he believes
plaintiff has "suffered from a combination of physical
difficulties, chronic emotional problems related to anxiety, and
characterological disturbances that interfere with her ability to
maintain effective relationships with others." (R. 349.) "She
is also depressed.  A combination of pharmacological
interventions and psychotherapy is recommended." (R. 349.)  He
notes that plaintiff's prognosis is "guarded." (R. 349.)
Although Brezinski does not opine that plaintiff was unable to
work, he does note that work causes plaintiff to have more
frequent nightmares. (R. 440-41.)

Plaintiff argues that the ALJ did not accord psychologist
Brezinski's opinion proper weight. (See Pl.'s Obj. at 1.)  In
her opinion, the ALJ found that plaintiff's mental impairments
were such that they resulted in a mild restriction of her
activities of daily living; mild difficulties in maintaining
social function, moderate difficulties in maintaining
concentration, persistence, and pace; and that there was no
evidence to show repeated efforts of decompensation, each of
extended duration.  In doing so, the ALJ acted as she was
directed to do under 20 C.F.R. § 404.1520a.  Nothing in
Brezinski's report challenges these conclusions. (See R. 345-
50.)  The ALJ accounted for plaintiff's psychological troubles
through incorporating functional limitations calling for a

-7-

moderate reduction in concentration and work that involved little interaction with co-workers, supervisors, or the public.  (R. 23.)  The ALJ acted properly in treating the evidence provided by Brezinski.  As such, plaintiff's second objection is hereby OVERRULED.

     **(3)  The Magistrate Judge's Finding that the ALJ's RFC Assessment Was Supported by Substantial Evidence Was Correct**

     Plaintiff's third objection is that the ALJ acted inappropriately when he calculated plaintiff's RFC.  (Pl.'s Obj. at 2.)  In plaintiff's original memorandum, plaintiff particularly takes issue with the fact the ALJ relied in large part on the opinions of the state-agency consultative physicians.  (See Pl.'s Mem. at 20.)  Plaintiff states that state agency physicians are the "least desirable sources of information and certainly should not be used for the wholesale construction of an ALJ's RFC determination."  (Id.)

     Plaintiff's argument that the ALJ's use of state agency physicians to support her RFC assessment was improper because they are "the least desirable source" for evidence is either overstated or flat wrong.  Under the regulations, state agency medical and psychological consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation whose opinions must be considered as opinion evidence."  See 20 C.F.R. § 404.1527(f)(2)(1).  In the

-8-

pantheon of persons who regularly provide evidence in Social
Security hearings, as physicians, state agency consultants rank
higher than chiropractors, lay persons, lawyers, and even
treating physicians whose opinions are not justified by objective
evidence.  See, e.g., 20 C.F.R. § 404.1513 (stating that the
Commissioner can only use "acceptable medical sources such as
licensed physicians, licensed osteopaths, licensed or certified
psychologists, and licensed optometrists" in determining RFC);
McDilda v. Barnhart, 2005 U.S. Dist. LEXIS 6060, at *20 (W.D. Va.
2005) (finding that a letter written by a lawyer is not from an
"acceptable medical source").  Under the regulations, state
agency physicians, contrary to plaintiff's bald assertion, are
not near the bottom of the pile.

State agency physicians' opinions are relied on in a large
percentage of disability cases.  Like any other medical opinion
evidence, they are analyzed under 20 C.F.R. § 404.1527, which
provides criteria for their evaluation.  Here, the ALJ looked at
the opinions of the state agency physicians and found that they
were well-supported by medically-acceptable clinical and

laboratory diagnostic techniques and were not inconsistent with
the other substantial evidence of record.  (R. 23.)

Here, the opinions of the state agency physicians were not
inconsistent with the remainder of the material in the record.

In reaching her decision, the ALJ considered the opinions of Drs. Lambrecht (R. 215-32), Gomez (R. 215-32, 350-51), Clark, and Soloman (233-46). None of these doctors reported functional limitations which precluded plaintiff from engaging in a wide range of light work and the ALJ properly found that they were entitled to "substantial weight" because they were supported by acceptable medical evidence and consistent with the record as a whole. (See R. 23.) In such situations, the medical opinion of a non-examining physician may be relied upon where these opinions are consistent with the medical findings of record. See Smith v. Cohen, 795 F.2d 343, 346 (4th Cir. 1986).

Plaintiff has submitted no contradicting medical opinion from an acceptable medical source as it is defined in the regulations. See 20 C.F.R. § 404.1527(d)(2). Although plaintiff argues that Dr. Peters opined that she was "unable to work," (see R. 251), her opinion on an issue reserved to the Commissioner is not binding. See 20 C.F.R. § 404.1527(e). Plaintiff has not met her burden of establishing disability; she has the burden of showing that she is medically disabled. See Bowen v. Yuckert, 482 U.S. 137, 146 (1987). Even were the court to accept her bald assertion that state agency physicians are "the least desirable source" of opinion evidence in Social Security cases, plaintiff has provided no medical evidence to rebut their opinions.

The ALJ conducts an RFC assessment to determine "the most

-10-

that an individual can do despite his or her limitations or
restrictions." <u>See</u> Social Security Ruling 96-8p.  Determination
of RFC is an issue reserved to the Commissioner.  <u>See</u> 20 C.F.R.
§ 404.1527(e)(2).  As the magistrate judge noted, it is unclear
why plaintiff complains about the ALJ limiting her RFC by
providing that she can conduct light work with a sit / stand
option.  The support for such an option comes from plaintiff's
testimony at the administrative hearing that she could stand for
only five to ten minutes before experiencing pain and sit for
only thirty minutes.  (R. 516-17.)  Although the ALJ found these
statements only partially credible, she found them credible
enough to provide for a sit / stand option as needed.  (R. 23.)
This option would account for some of plaintiff's subjective
complaints including her allegations of pain in the back, neck,
and knees as well as for plaintiff's degenerative disc disease of
the spine.  (R. 22.)

     On the whole, the ALJ's decision was supported by
substantial evidence.  State agency physicians concluded
plaintiff could perform light work with some limitations, and
plaintiff's testimony provided support for the additional
limitation of a sit / stand option – which had not been provided
by the state agency physicians.  (<u>See</u> R. 225-32, 350-57.)
Further, the ALJ found that plaintiff's subjective complaints and
medical evidence established more stringent limitations as to

plaintiff's concentration, persistence, and pace than did the state agency physicians.  (Compare R. 22, 243.)

From this, the magistrate's decision that the ALJ did not rely "wholesale" on the opinions of the state agency consultants is correct; as he noted, the ALJ appears to have reviewed and considered all evidence present in the record in reaching her determination.  As such, plaintiff's third objection is hereby OVERRULED.

### (4)   The Magistrate Judge Was Correct in Determining that the ALJ's Hypothetical Question to the VE Was Appropriate

Plaintiff's final objection is that the ALJ's hypothetical examination is incomplete.  (Pl.'s Obj. at 2; Pl.'s Mem. at 26.) Upon review of the record, the magistrate judge was correct when he determined that the ALJ acted appropriately.  It is clear that the ALJ need not include a limitation lacking any objective medical findings or support in a hypothetical question to a VE. See Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989) (stating that hypothetical questions must include only those impairments supported by the evidence).  While the hypothetical question may omit non-severe impairments, it must include those which the ALJ finds to be severe.  Benenate v. Schweiker, 719 F.2d 291, 292 (8th Cir. 1983).

In determining plaintiff's RFC, the ALJ determined that she could perform light work requiring lifting or carrying of 10

pounds frequently or twenty pounds occasionally.  (R. 23.)  She
determined that plaintiff had the RFC to sit six hours during an
eight-hour workday and stand / walk about six hours in an eight-
hour workday, but required the option to sit or stand when
necessary.  (R. 23.)  The hypothetical the ALJ provided to the VE
included these limitations.  (See R. 534-35.)  The VE testified
that plaintiff could perform work as a file clerk given these
limitations, although much of the day would have to be spent on
her feet.  (R. 535.)  The ALJ explicitly rejected the limitations
included in questions proposed by plaintiff's counsel.

     Plaintiff's argument that the ALJ was required to specify in
greater detail the intervals at which she could sit and stand is
unavailing.  (See Pl.'s Obj. at 2.)  Plaintiff contends that the
ALJ was required under Social Security Ruling ("SSR") 96-9p to
discuss further the intervals at which plaintiff would be able to
sit and stand.  The logic behind SSR 96-9p is that sedentary work
"represents a significantly limited range of work" and
"[i]ndividuals who are limited to no more than sedentary work by
their medical impairments have very serious functional
limitations."  Id.  SSR 96-9p is inapplicable here because the
ALJ found that plaintiff was capable of light, not sedentary,
work.  (R. 23.)  She found that plaintiff was capable of both
standing / walking or sitting for six hours out of an eight-hour
day.  Because the ALJ's determination here was supported by

-13-

substantial evidence, it must be affirmed.  See <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1980).  As such, plaintiff's fourth objection is hereby OVERRULED.

Given the deferential standard of review provided under 42 U.S.C. § 405(g), the court must affirm the decision of the ALJ as there is more than enough evidence to support his decision that plaintiff is not disabled as defined under the Social Security Act.  See <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988); <u>King v. Califano</u>, 599 F.2d 597, 599 (4th Cir. 1979).

### D.  Conclusion

In affirming the final decision of the Commissioner, the court does not suggest that plaintiff is totally free of all pain and subjective discomfort.  The objective medical record simply fails to document the existence of any condition or combination of conditions which would reasonably be expected to result in total disability for all forms of substantial gainful employment. It appears the ALJ properly considered all of the objective and subjective evidence in adjudicating plaintiff's claim for benefits.  It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. Defendant's motion for judgment on the pleadings must be granted.

The Clerk is directed to forward a copy of this Memorandum Opinion to all counsel of record.

It is SO ORDERED this 29th day of September, 2005.

Enter:

David A. Faber
Chief Judge